JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Defendant-appellant, Jeremy Stacey, appeals the judgment of the Hamilton County Juvenile Court adjudicating him delinquent based upon aggravated arson under R.C. 2909.02(A)(1), a felony of the first degree if committed by an adult, and aggravated arson under R.C. 2909.02(A)(2), a felony of the second degree if committed by an adult.
At trial, a resident of an apartment complex stated that she had seen Stacey with a group of young people standing by the complex's dumpster. One of the group was playing with a lighter. Later that night, she awoke to discover a portion of a building in the complex engulfed in flames. The vacant apartment where the fire had started was completely destroyed. Though no one was injured, there were tenants in other apartments of the building.
Heather Gibson, a friend of Stacey, testified that she had been with Stacey and a group of friends on the night of the fire. Though reluctant to testify, she stated that, on the morning after the fire, Stacey had called her and admitted that he and his companions had broken a window in the apartment building and had set the apartment on fire by igniting a mattress.
Stacey took the stand and denied any involvement in the fire. The magistrate found that the state had proved Stacey's involvement as a complicitor and recommended that the court adjudicate him delinquent as to both arson charges. The juvenile court overruled objections to the magistrate's report, adjudicated Stacey delinquent, and committed him to the custody of the Ohio Department of Youth Services.
In two related assignments of error, Stacey now contends that the delinquency adjudications were based upon insufficient evidence and were contrary to the manifest weight of the evidence. We address the assignments together.
Although delinquency proceedings are civil in nature, our review of the sufficiency and weight of the evidence is identical to what occurs in the review of a criminal conviction.[1] In the review of the sufficiency of the evidence to support a conviction, the relevant inquiry for the appellate court "is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[2] To reverse a conviction on the manifest weight of the evidence, a reviewing court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and conclude that, in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice.[3]
The aggravated-arson statute, R.C. 2909.02(A), provides that "[n]o person, by means of fire or explosion, shall * * * (1) [c]reate a substantial risk of serious physical harm to any person other than the offender; [or] (2) [c]ause physical harm to any occupied structure."
The statute governing complicity, R.C. 2923.03(A)(2), states that "[n]o person, acting with the kind of culpability required for the commission of an offense, shall * * * [a]id or abet another in committing the offense."
In the case at bar, the adjudications were in accordance with the evidence. Gibson attempted to recant her prior statement to fire investigators implicating Stacey, but she eventually conceded that Stacey had admitted his involvement. Her testimony indicated that Stacey had called her on the morning after the fire and had admitted taking part in breaking the window and starting the fire. The testimony of fire investigators and the resident of the apartment complex indicated that the building was occupied and that the fire had caused extensive damage to the apartment where the fire started. And while Stacey took the stand and denied his involvement, it was within the court's discretion to disbelieve that testimony.
Accordingly, the assignments of error are overruled, and the judgment of the juvenile court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Gorman and Painter, JJ.
[1] See, e.g., In re Williams, (Sept. 19, 1997), 1st Dist. No. C-960769.
[2] State v. Waddy (1992), 63 Ohio St.3d 424, 430, 588 N.E.2d 819.
[3] State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52,678 N.E.2d 541.